■ In the Matter of HERBERT SMITH, Appellant.— Order of December 20, 1963, unanimously affirmed. Order of December 24, 1963, unanimously reversed on the law and facts and matter remitted to Erie County Family Court for a hearing in accordance with the memorandum. Memorandum: Respondent-appellant was adjudged a juvenile delinquent and ordered placed in the New York State Agricultural and Industrial Training School. He was represented by a Law Guardian at the fact-finding hearing, who urges that the finding of delinquency was not based upon a preponderance of the evidence. We find this contention to be without merit, and affirm the delinquency order of the fact-finding proceeding. The second ground of objection, namely that the dispositional hearing was not in compliance with and pursuant to the provisions of the Family Court Act presents a serious claim which in our judgment requires reversal of this part of the proceedings. Four days after the hearing which resulted in the finding of delinquency the juvenile was brought before the court for a dispositional hearing at which time he stood alone, without the presence of his parents, or of his Law Guardian, who received no notice of the time of the hearing. The order of placement resulting from this purported hearing recites that it was made on "written reports of no current investigation — see social history submitted in 1962", which was nearly two years before the hearing. This hearing did not accord with the requirements of section 745 of the Family Court Act, which provides that material and relevant evidence may be admitted during a dispositional hearing, nor with section 749 of the act. We made it clear in *Matter of Dennis* (20 A D 2d 86) that a dispositional hearing such as was held here, without any of the safeguards such as the presence of a Law Guardian or parents, is a direct violation of the act and of the constitutional rights of the juvenile. As we said in *Dennis* (p. 89) " Even though the court may be so familiar with all of the facts that it believes that a dispositional hearing will be of no benefit to the child, the requirements of sections 743 to 749 must be followed and a dispositional hearing held." This matter should be remitted to the Family Court for the holding of an adequate dispositional hearing in compliance with the act. (Appeal from two orders of Erie

738

Family Court finding appellant to be a juvenile delinquent and placing him in school in Industry.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.