In the Matter of HARRY CARDINAL, JR.* et al., Infants. HARRY CARDINAL, SR.* et al., Appellants; CLARENCE M. MUNYAN, as Commissioner of the Chenango County Department of Social Services, Respondent.

Third Department, October 22, 1968.

* Fictitious names.

*John R. Marshall, Jr.,* for appellants.

*James A. Haynes, Jr., County Attorney (Irad S. Ingraham* of counsel), for respondent.

HERLIHY, J. P. Appeal by the natural parents of the alleged neglected children from a Family Court order which removed their children from their custody.

While there is a grave question whether the present record would sustain an order removing the subject children from the custody of their mother, there are other serious and prejudicial errors which require reversal and comment by this court.

Unless otherwise specified, all statutory references herein are contained in article 3 of the Family Court Act, captioned "Neglect Proceedings".

Section 311 provides in part as follows: "This article is designed to provide a *due process of law* for determining whether a child is neglected and for so regulating a neglected child's home or, if necessary, removing him from his home that his needs are properly cared for." (Emphasis supplied.) Section 312 defines a "neglected child"; subdivisions (a) and (c) deal with the failure to provide necessities and abandonment of children; subdivision (b) provides "[child] who suffers or is likely to suffer serious harm from the improper guardianship, including lack of moral supervision or guidance, of his parents or other person legally responsible for his care and requires the aid of the court".

Section 331 provides that the proceeding is originated by the filing of a petition and requires, *inter alia,* that if based upon such fact, it allege: " the child suffers or is likely to suffer from the improper guardianship of his parents or other person legally responsible for his care and *specifying the occasions on which this was observed* ". (Emphasis supplied.) The petition in the present case alleges the failure to adequately " provide moral supervision and guidance ", and specifies *no* occasions upon which it was observed. Assuming, *arguendo,* that the allegation of the petition was adequate to meet the requirements of the statute, the failure to specify the acts or occasions rendered it fatally defective and the court should have dismissed it upon the proper motion of counsel, the requirement of compliance being binding upon the petitioner Commissioner of Social Services. By the specific language of section 331, due process was not observed.

Subdivision (a) of section 343 provides that the parents shall be advised of their right to counsel and " The court *shall* also inform the parent  *  *  *  of the child's right to be represented by a law guardian under part four of article two of this act." (Emphasis supplied.) Section 241 of article 2 provides in part that " This act declares that minors have a right to the assistance of counsel of their own choosing or of law guardians in neglect proceedings under article three ". Section 249 of article 2 provides in part that " At the request of a minor in a proceeding under article three or seven or on request of a *parent*  *  *  *  the family court shall appoint a law guardian to represent such minor if independent legal representation is not available to the minor by reason of inability to pay other counsel or other circumstances." (Emphasis supplied.) The Legislature by these statutes provided that a minor has a right to representation and that his legal guardian must be informed of such right. The court did not inform the parents of their children's rights prior to commencing the instant proceeding. This failure was brought to the court's attention in the course of the hearing by a motion to dismiss the proceeding. The court's failure to then make any attempt to correct its error violated the due process requirement of the Family Court Act. From the present record it appears mandatory that the court on its own motion should have appointed a Law Guardian on behalf of " Harry, Jr.". (Family Ct. Act, § 249.)

The record shows that before the petitioner's case had closed and prior to any evidence on behalf of the parents, the court in a letter dated April 15, 1968 indicated that it had decided

to order the children removed from the parents. The children had been temporarily removed prior to the first hearing on April 10, 1968 and accordingly, it is clear that the letter constituted a judicial determination on its part. We know of no situation in which due process will permit a judicial determination of a case prior to the close of the evidence and whether or not the letter was actually intended as a *final* determination, such procedure is not condoned by this court. The due process clause of the Fourteenth Amendment of the United States Constitution requires that juvenile court hearings measure up to essentials of due process and fair treatment. (Cf. *Matter of Gault*, 387 U. S. 1.) While the present case is not on the juvenile delinquency side of the Family Court, the *Gault* case evidences the concern of the Supreme Court that due process generally be accorded to infants.

The order should be reversed, on the law and the facts, and the petition dismissed.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Order reversed, on the law and the facts, and petition dismissed.