■ In the Matter of CARMEN and Others (ANONYMOUS). AIDA L. (ANONYMOUS), Appellant.— Appeal by the mother of three children from an order of

the Family Court, Kings County, dated March 18, 1970, which adjudged that the children were neglected children and placed them in the custody of the New York City Department of Social Services. Order reversed, on the law and the facts, without costs, and proceeding remitted to the Family Court for further proceedings in accordance herewith. Appellant consented to the entry of a finding of neglect, without a hearing, on August 1, 1968. A dispositional hearing was not held until about 20 months later, after which the Family Court entered an order removing the three children from their mother's home and placing them in the custody of the New York City Department of Social Services. In our opinion, the record does not support such a disposition, which should be employed only in grave and urgent circumstances (*Matter of Urdianyk,* 27 A D 2d 122). The record discloses that the mother loved her children and that, if there was any failure to provide them with adequate medical care, it arose out of ignorance. More important, there is a very real question in this case whether the entire problem was not merely the result of a failure of communication between the mother and the caseworkers. The mother speaks no English and the caseworkers did not speak Spanish. The references in the record as to the mother's alleged " limited " mental ability may well have stemmed from this inability to communicate. Under the circumstances presented, it would also appear that the court abused its discretion in relying upon a psychiatric report, which was never placed in evidence, without at least giving the mother an opportunity to amplify the circumstances under which the examination had been conducted and the nature of the examination. The court's action is particularly unfortunate when we consider the mother's language difficulty. Furthermore, the report nowhere appears in the record on appeal, so that we cannot even begin to assess its import. In conclusion then, the order must be reversed and a new dispositional hearing held at which the Family Court should inquire into the mother's *present* capability to care for the children with a view toward determining whether they may be returned to her under proper supervision. Also, if the mother's present home is inadequate to accommodate the three children, she should be given an opportunity to find more suitable quarters if the court is otherwise inclined to return the children. Pending the proceedings herein directed, which should be held *forthwith,* the children shall remain in the custody of the Department of Social Services. Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.