■ In the Matter of RIVERA CHILDREN. ANGELINA RIVERA, Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent.—Order, Family Court, Bronx County, entered February 6, 1975, placing the two youngest children of appellant with Commissioner of Social Services for a period of 18 months unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and disbursements, and matter remanded to the Family Court for a psychiatric examination of the mother and a new hearing; the custody of the said children to continue with Commissioner of Social Services pending the determination of this proceeding by Family Court. Appeal from order, Family Court, Bronx County, entered March 5, 1975, denying appellant's motion for an order granting reargument of the Family Court order entered February 6, 1975, is unanimously dismissed as nonappealable and, in any event, said appeal has been resolved academic. Initially, it is noted in this child abuse proceeding brought pursuant to section 1012 of the Family Court Act that the respondent mother does not appeal from the order of the Family Court entered February 4, 1975 which discharged the oldest of her three children to the custody of the maternal grandmother for a period of one year. Indeed, on the argument of the instant appeals, it was conceded that no disturbance of that order was desired. On December 10, 1974, Family Court ordered that court's mental hygiene clinic to conduct a psychiatric examination of the mother and to make such report available at the dispositional hearing. This order was not obeyed. Reason and justice dictate that the examination having been directed and, under the circumstances, being patently relevant to proper disposition, the matter must be reopened to afford such examination. The report of the examination is to be utilized at the new hearing. The disposition of the instant appeals should have no effect in the determination of the Family Court which determination should rest upon the evidence adduced at said hearing. On this record, reversal is limited to the foregoing observations. Concur—Kupferman, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.