■ In the Matter of ROBERT HANSON, a Child Alleged to be Neglected and Abused. Catherine Hanson, His Mother, et al., Appellants.—Order, Family Court, New York County, entered January 20, 1975, which found that Robert Hanson was an abused and neglected child, unanimously affirmed, without costs and disbursements. Order, Family Court, New York County, entered March 10, 1975, placing the child in the custody of the Commissioner of Social Services for a period not to exceed 18 months, reversed, on the law and the facts and in the exercise of discretion, without costs and disbursements, and the matter remanded to the Family Court for further proceedings not inconsistent with the memorandum of this court; the custody of the child to continue with the Commissioner of Social Services pending the determination of this proceeding by the Family Court. Family Court properly found Robert Hanson, after a fact-finding hearing, to be a neglected and abused child. Mental hygiene and probation reports were ordered to be prepared and submitted with respect to the infant's mother and her male companion. However, at the dispositional hearing, Family Court, despite objections urged on the mother's behalf and premised on the fact that the ordered mental hygiene and probation reports were not yet available and that her therapist was not available to testify, concluded the hearing and determined that the child be placed with the Commissioner of Social Services. Due process is required to be observed in child neglect proceedings (Matter of Cardinal [Munyan], 30 AD2d 444). Patently, the frustration of the mother's right to present evidence as to her ability to care for her child and the exclusion, in effect, of relevant evidence in the form of the reports directed by the court itself, amounts to a denial of due process (Matter of Rivera Children, 48 AD2d 639; Matter of Urdianyk, 27 AD2d 122; Matter of Carmen, 37 AD2d 629). It is requisite, therefore, that a new dispositional hearing be held to permit utilization of the reports and an opportunity for relevant testimony. Concur—Murphy, Lupiano, Birns and Lane, JJ.; Kupferman, J., dissents in the following memorandum with respect to Appeal No. 1785: I would affirm. This child was more than neglected, it was battered and bruised. No explanation, from a therapist or otherwise, could possibly affect the result. To remand for further proceedings is simply to mandate idle procedures on an already overburdened system.