■ In the Matter of SUZANNE N. YEM, a Child Alleged to be Permanently Neglected. JEWISH CHILD CARE ASSOCIATION, Respondent; ELAINE E. SIEGEL, Also known as ELAINE S. YEM, Appellant. In the Matter of HIME R. YEM, a Child Alleged to be Neglected. ADMINISTRATOR HUMAN RESOURCES ADMINISTRATION OF THE CITY OF NEW YORK, Respondent; ELAINE YEM, Appellant.—Orders of the Family Court, entered respectively on October 2, 1975 and November 10, 1975 in the Office of the Clerk of the Family Court, New York County, denying respondent-appellant's applications to set aside her default in failing to appear at the hearing on July 8, 1975, reversed on the law and on the facts and in the interest of justice, without costs and without disbursements. The applications are remanded to the Family Court to conduct a hearing thereon, as hereinafter indicated. Although we have been told that Suzanne Yem, an infant, has been adopted after the order of October 2, 1975 was filed, the validity of the adoption proceeding, while it may be affected by our determination here, is not before us. We are concerned solely with the question whether the two orders denying respondent-appellant's applications to set aside her default in the proceedings initiated by petitioner to determine whether Suzanne was a permanently neglected child (Family Ct. Act, art 6, part 1) and her infant brother Hime a neglected child (Family Ct. Act, art 10), were proper. On May 21, 1975 an order had been entered requiring a psychiatric examination and report concerning appellant and such examination had never been held. Nevertheless, the court on July 8, 1975, in the absence of appellant, proceeded to determine that both children had been neglected. It should be noted, however, that the appellant's court-assigned counsel was present at the hearing, although appellant contends she did not know until late July 1976

that the court had appointed counsel to represent her. An application to open the default in the Suzanne Yem proceeding was filed on August 5, 1975 containing averments that appellant had been given a wrong date for appearance in court, that she actually did appear on July 9 instead of July 8, the scheduled date, and that she thereafter communicated with her attorney for the purpose of having the orders entered at the inquest vacated with a concomitant opportunity to contest the matter on the merits. This application was in turn supported by counsel's affidavit in which he stated that he had had difficulty in communicating with appellant because at one time she had been in Bellevue Hospital, that he did not have her correct address to enable him to reach her, and that he first saw her on July 30, 1975. An application to open the default in the Hime Yem proceeding was made September 24, 1975. The failure of the court to ascertain whether appellant's nonappearance was inadvertent or willful was error, in the absence of the psychiatric examination and report as ordered, and warrants a reversal of the orders denying appellant's application to set aside her default (Matter of Rivera Children, 48 AD2d 639). The psychiatric examination should be held prior to the hearing herein above directed and the report therein should be utilized at said hearing. The custody of the child Hime should continue with the Commissioner of Social Services pending determination of the proceeding by the Family Court. Concur—Birns, Capozzoli, Lane and Lynch, JJ.; Kupferman, J. P., dissents in part in the following memorandum: This case is another example of how procedural blocks and the application of abstract principles can help to blight the life of a child. The child Suzanne was born April 15, 1972 and committed by the Family Court to the Commissioner of Social Services as a neglected child, and under the auspices of the Jewish Child Care Association given to foster parents on August 8, 1972. She has, since the order of the Family Court on July 17, 1975, finding that she was a permanently neglected child pursuant to section 611 of the Family Court Act (see Matter of Orlando F., 40 NY2d 103), been adopted by those foster parents. This court would now reopen the matter for a psychiatric examination that should have no effect in any event on the outcome (cf. dissent in Matter of Hanson, 51 AD2d 696). We are here concerned primarily with the best interests of the child. (See Lo Presti v Lo Presti, 40 NY2d 522.) The continued delay in settling the child's future, as Cooke, J. so well put it in Matter of Anonymous (St. Christopher's Home), (40 NY2d 96, 101), keeps her in limbo and at public expense. There is no objection, although it is probably meaningless, to that part of the determination of this court, which grants the application with respect to the child Hime, because there has been no change in circumstances for him. Unfortunately, the brother and sister are separated, but, as the Court of Appeals stated in Matter of Malik (40 NY2d 840, 841): "This is, of course, quite unfortunate, but the record also establishes that, in the best interest of the child, the separation and eventual adoption is the better choice of what are tragic alternatives."