■ In the Matter of ROY ANTHONY A. CATHOLIC HOME BUREAU, Respondent; IRIS A., Appellant.—Final order, Family Court, New York County, entered March 24, 1977, terminating the mother's parental rights and granting custody to the Catholic Home Bureau for Dependent Children and the Commissioner of Social Services of the City of New York with power granted to the bureau to consent to the adoption of the child without further notice to the mother is unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for plenary trial

before another Judge. The infant subject of these proceedings was placed in the present foster home 14 years ago at 17 months of age. The mother, although she did not seek his return to her, had visited with him occasionally over the years. He, in turn, has no interest in visiting his natural family and expresses a desire to be adopted by the foster parents. The fact-finding hearing covered five separate dates, however, it ended abruptly at the conclusion of the petitioner's prima facie case. Respondent was not allowed to testify on her own behalf or to offer any evidence whatsoever. In addition, no dispositional hearing was held. This action was not only constitutionally offensive, but contrary to the provision of section 625 of the Family Court Act which sets forth clearly that the dispositional hearing may be dispensed with upon consent of all parties. Despite the requirements of this section and without the consent of any party, the court dispensed with the dispositional hearing and entered a final order terminating parental rights. Due process is required to be observed in child neglect proceedings (*Matter of Hanson,* 51 AD2d 696), and the frustration of the mother's right to present evidence relevant to the proceedings amounts to a denial of due process. A hearing, in order to accord with due process principles, plainly includes the right to testify and to offer evidence (*Matter of Hecht v Monaghan,* 307 NY 461; *Matter of Hanson, supra).* Exacting procedural safeguards are a necessity when parental rights are sought to be interfered with, as those rights have long been recognized and fervently guarded (*Matter of Cardinal [Munyan],* 30 AD2d 444; *Stanley v Illinois,* 405 US 645). Clearly appellant's due process rights were violated when she was not allowed to present evidence on her own behalf. Here the trial court attempted to resolve a conflict between the mother's parental rights and the best interests of the child, relying upon *Matter of Bennett v Jeffreys* (40 NY2d 543) where the Court of Appeals stressed the fact that inquiry must be made "into the qualifications and background of the mother and the custodian" in order to determine the best interests of the child, and then remanding the case for plenary hearing since the court's inquiry was considered inadequate; clearly then, the mother by being deprived of the right to testify and offer evidence has had her rights to due process violated. Finally, even without considering the constitutional aspects of this case, the lack of a dispositional hearing contrary to section 625 of the Family Court Act, standing alone, is cause for reversal (*Matter of Smith,* 21 AD2d 737). Indeed, a dispositional hearing is required as it is not contemplated that a court will make a permanent severance on the basis of a fact-finding hearing. There are three dispositional alternatives, i.e., dismissal of the petition; suspended judgment; and permanent termination of parental rights (Family Ct. Act, §§ 632-634). The purpose of the hearing is to determine whether the interests of the child require that the parent's custody or the custody of another person responsible for the care of the child be terminated permanently (Family Ct. Act, § 623), and until that determination is made after hearing, clearly there can be no termination. Accordingly, the order is reversed and the matter remanded for a new plenary trial before a different Judge. Concur—Silverman, J. P., Evans, Capozzoli and Lynch, JJ.