OPINION OF THE COURT
Ruth Jane Zuckerman, J.
On March 24, 1981, Wentworth Laughman T. (hereinafter respondent) filed a motion seeking to set aside this court’s order, dated December 26,1980, which, pursuant to section 384-b of the Social Services Law, terminated respondent’s parental rights on abandonment grounds and committed the guardianship and custody of his daughter, Andrea T., to the Cardinal McCloskey School and Home (hereinafter petitioner) and the Commissioner of Social Services of the City of New York.[1] The notice of motion and affidavit submitted by respondent’s attorney were grounded upon section 1042 of the Family Court Act and set forth the circumstances relating to respondent’s failure to appear at the inquest held before the undersigned on November 18,1980. However, the motion papers contained no allegation — by affidavit or otherwise[2] — as to the existence of a meritorious defense to the underlying cause of action for abandonment.[3] In its papers opposing respondent’s motion, petitioner argued that where, as here, a motion is made to vacate a default judgment entered in a proceeding brought under section 384-b (subd 4, par [b]) of the Social Services Law, the standard set forth in CPLR 5015 (subd [a]) rather than that contained in section 1042 of the Family Court Act, governs, and that since respondent has failed to present an affidavit or other statement disclosing a meritorious defense to the cause of action for abandonment, as required by the case law applying CPLR 5015 (subd [a]), the motion to vacate the court’s order and judgment must be denied.
*3 The narrow question thus presented is whether respondent’s motion to vacate the default judgment entered pursuant to section 384-b (subd 4, par [b]) of the Social Services Law is governed by the requirements of CPLR 5015 (subd [a]) or — directly, or by analogy — by the less stringent standard set forth in section 1042 of the Family Court Act.
Neither the Social Services Law nor the Family Court Act contains any provision expressly setting forth the standard to be applied when a motion is made to set aside a default judgment entered in a proceeding to terminate parental rights on abandonment grounds. Accordingly, the court must look elsewhere for the actual standard applicable to the setting aside of default judgments in such proceedings.
Section 384-b (subd 3, par [f]) of the Social Services Law and subdivision (b) of section 165 of the Family Court Act make clear that when the Family Court exercises jurisdiction in a proceeding to terminate parental rights, “the provisions of articles one, two and eleven of the family court act shall apply” unless they conflict with specific provisions of the Social Services Law. Subdivision (a) of section 165 of the Family Court Act, which is contained in article 1 of the act, provides, in pertinent part, as follows: “Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved” (Emphasis added.)
Since there is no specific procedural provision in the Social Services Law or the Family Court Act governing the setting aside of a default judgment in a termination proceeding, subdivision (a) of section 165 of the Family Court Act calls for the application of the relevant provisions of the CPLR “to the extent that they are appropriate to the proceedings involved.”
CPLR 5015 (subd [a]), in pertinent part, provides that, “The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may *4 direct, upon the ground of: 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry”.
Case law construing and applying the above-quoted provisions of CPLR 5015 (subd [a], par 1) makes clear that before a default judgment is vacated, the moving party, in addition to showing that the default was excusable, must present an affidavit that discloses a meritorious claim or defense. (Bohl Contr. Co. v IUE, AFL-CIO Dist. No. 3, 73 AD2d 1023; Abrams v Abrams, 56 AD2d 775; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04.) Since respondent’s papers in support of his motion do not disclose the existence of a meritorious defense to the cause of action for abandonment, the motion to set aside the default must be denied unless the application of CPLR 5015 (subd [a], par 1) would be inappropriate to the proceedings here involved.
Respondent has not suggested why it would be inappropriate for the court to apply the CPLR to the instant motion. Instead, as was previously noted, respondent in his notice of motion and supporting papers, simply relied upon section 1042 of the Family Court Act, which states: “If the parent or other person legally responsible for the child’s care is not present, the court may proceed to hear a petition under this article only if the child is represented by counsel, a law guardian, or a guardian ad litem. If the parent or other person legally responsible for the child’s care thereafter moves the court that a resulting disposition be vacated and asks for a rehearing, the court shall grant the motion on an affidavit showing such relationship or responsibility, unless the court finds that the parent or other person willfully refused to appear at the hearing, in which case the court may deny the motion.”
No reasons have been stated by respondent as to why this provision should be deemed applicable, directly or by *5 analogy, to the present proceedings and none are suggested by the few reported cases applying the relevant portion of section 1042.[4] Moreover, a commonsense reading of section 1042 and of the related provisions of article 10 militates strongly against the direct application of this section to the case at bar.[5] Article 10 of the Family Court Act, of which section 1042 is a part, is entitled “Child Protective Proceedings” and by its express terms, this article governs only child neglect and abuse proceedings. Thus it is clear that section 1042 cannot be applied directly to respondent’s motion to set aside the default judgment in a termination proceeding.
Insofar as respondent in his motion has attempted to suggest that the standard set forth in section 1042 is more appropriate than that established by CPLR 5015 (subd [a], par 1) and the cases applying it, and that section 1042 therefore should be adopted, by analogy, by this court, his position is also untenable. Initially, it should be noted that the nature as well as the purpose of termination of parental rights proceedings differs markedly from that of article 10 proceedings. By definition, proceedings under article 10 look to the return of the child to his natural family, whereas proceedings under section 384-b of the Social Services Law look towards the prompt creation of a new family bond by adoption once parental rights have been terminated. If section 1042, with its liberal standards for vacating a default judgment, were applied to termination proceedings, it might very well frustrate the efforts of the court in achieving permanent solutions to long-standing parent-child problems. The application of this section in article 10 proceedings, however, is consistent with the nature and purpose of such proceedings in that they in *6 volve temporary measures to alleviate immediate parent-child problems.[6]
An additional ground for rejecting respondent’s argument with respect to the application of the standard set forth in section 1042 stems from the fact that both Family Court and Surrogate’s Court have jurisdiction over termination proceedings brought on abandonment grounds. Section 384-b (subd 3, par [f]) of the Social Services Law provides, in pertinent part, that: “In any proceeding under this section in which the surrogate’s court has exercised jurisdiction, the provisions of the surrogate’s court procedure act shall apply to the extent that they do not conflict with the specific provisions of this section.”
No specific provision of the Surrogate’s Court Procedure Act (SCPA) sets forth the standard applicable to a motion to vacate a default judgment in either a termination proceeding or any other proceeding. However, SCPA 102 does provide that, “The CPLR and other laws applicable to practice and procedure apply in the surrogate’s court except where other procedure is provided by this act.” Thus, it is clear that if petitioner has commenced this termination proceeding in Surrogate’s Court, the provisions of CPLR 5015 (subd [a], par 1) would have applied to the instant motion. Given the nature of termination proceedings, it would be anomalous if the choice of forum determined the standard applicable to a motion to set aside a default judgment.
The court having concluded that the instant motion is governed by CPLR 5015 (subd [a], par 1), and the respondent having failed to comply with the requirements of that rule, respondent’s motion to set aside the default judgment is in all respects denied.

. For a description of the facts and circumstances surrounding the instant motion, see supplementary decision and order filed on March 10, 1981.

. The only affidavit filed in support of the motion was that of respondent’s court-appointed counsel. Because respondent resides in Jamaica, West Indies, communication between respondent and his attorney has been difficult. However, as will be seen below, the issue raised by petitioner in its opposing papers does not depend for its resolution upon the submission to the court of respondent’s own affidavit.

. Neither section 1042 nor the case law applying it requires allegations as to the existence of a meritorious defense. For the text of section 1042, see infra, at p 4.

. The only reported case that even arguably supports respondent’s contention is the memorandum decision in Matter of Suzanne Yem (54 AD2d 673), in which the court apparently assumed, without discussion, analysis or citation of authority, that the same standard would apply to a motion to vacate a default judgment in the termination proceeding under article 6 .of the Family Court Act as in a neglect proceeding under article 10. However, because there were before the court in that case appeals from denials of motions to vacate in both article 10 and article 6 proceedings, and because the issue of the applicable standard was not raised on appeal, the Yem case cannot be viewed as controlling here.

. As to the question of whether section 1042. by analogy, should apply, see infra, at p 5.

. In this connection, see section 1055 (subd Ibl, par li]) of the Family Court Act which provides that, “Placements under this section may be for an initial period of eighteen months and the court in its discretion may at the expiration of that period, upon a hearing, make successive extensions for additional periods of one year each. The place in which or the person with whom the child has been placed under this section shall submit a report at the end of the initial period of placement, and at the end of the period of a placement extension, making recommendations and giving such supporting data as is appropriate.”