■ In the Matter of LOUIS LA ROSE, Appellant, v MARGARET LA ROSE, Respondent. — Appeal from two orders of the Family Court of Essex County (Garvey, J.), entered December 21, 1982 and March 7, 1983, which directed petitioner to pay $50 per week for the support of his wife and four children and

which denied petitioner's motion to vacate the prior order. The parties were married on July 15, 1961. They have four children. On December 17, 1973, a divorce was granted to respondent which ordered petitioner to pay $100 per week as support of his former wife and their children. During the ensuing nine years, petitioner lost his job, became an itinerant worker in various States and was incarcerated for a period of 19 months. From the time of the divorce until the instant proceeding, no support proceedings were commenced by respondent nor did she attempt to enforce the support provision of the divorce decree. In October, 1982, in response to respondent's request that he pay her $50 per week support, petitioner filed a petition requesting the Family Court to modify the divorce decree from $100 to $10 per week. Respondent cross-petitioned for support. After a hearing, at which neither party was represented by counsel nor was any assigned, the Family Court issued an order modifying the divorce decree so as to require petitioner to pay respondent $50 weekly for the support of her and the four children. Petitioner subsequently moved to vacate the order and for a new hearing. Such motion was denied and petitioner appeals from both orders. Initially, it appears that petitioner's letter application to vacate the support order was, in fact, an application for reargument. Such order is not appealable (*Matter of Rivera,* 48 AD2d 639) and the appeal therefrom must be dismissed. Dealing with the primary order, it is clear from the record that since the entry of the order herein, the eldest daughter has reached the age of 21 years and the second eldest daughter has entered the military service. Further, from the verified financial statement filed by the parties, it is evident that petitioner's net weekly income is $123.04 while that of respondent is $224.50. Accordingly, since the weekly sum of $50 appears to be predicated on the number of children in addition to respondent, we modify the order to direct the payment of $20 weekly support for the two youngest children. Order entered December 21, 1982 modified, on the law and the facts, without costs, by reducing the award of support to $20 per week, and, as so modified, affirmed. Appeal from order entered March 7, 1982 dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.