v.

**CABINET FOR HUMAN RESOURCES, L.A.H., an infant, and M.H., an infant, Appellee.**

**No. 86–CA–2176–MR.**

Court of Appeals of Kentucky.

Sept. 18, 1987.

Rehearing Denied Nov. 20, 1987.

Discretionary Review Denied by Supreme Court Feb. 23, 1988

.

Amy Karn Turner, Appalachian Research and Defense Fund of Kentucky, Inc., Hazard, for appellant.

J. William Hernandez, Cabinet for Human Resources, Office of Counsel, Frankfort, for Cabinet for Human Resources.

James D. Holliday, Hazard, for L.A.H. and M.H.

Before COMBS, COOPER and DYCHE, JJ.

COOPER, Judge.

This is an appeal from a judgment of the trial court terminating the parental rights of the appellant, P.J.H. in her infant children, the appellees, L.A.H. and M.H. On appeal, the principal issue is whether the appellant was denied her right of due process as a result of her not being given notice that evidence would be presented during a hearing noted for motions only. Reviewing the record below, we reverse and remand.

Without reciting all of the facts relating to the underlying problems experienced by the appellant and the attempts of the appellee, Cabinet for Human Resources, to terminate her parental rights, the essential facts are as follows: On May 25, 1983 an initial hearing was held on the question of

whether the appellant's parental rights should be terminated. Subsequent to this initial hearing, no decision was entered by the trial court and the action was continued to allow the appellant an opportunity to prove that she could provide a suitable and adequate home for her children. Apparently, from the record, the appellant was given six months from the hearing date, or until December of 1983, to establish such a home environment.

On September 30, 1983, the appellee moved the trial court to enter an order deciding the action on its merits. On October 19, 1983, the trial court entered its own order that as a result of the decision of the court in *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), a termination of parental rights could only exist upon a showing of clear and convincing evidence. Again, on December 2, 1983, the appellee filed an order of submission with the trial court, requesting a decision on the merits. Although an order was apparently entered in December of 1983 submitting the case for a decision, the trial court subsequently entered an order in May of 1984 setting aside the order of submission on the basis that the complaint was not verified as required by KRS 199.-609(2). The petition was thereafter verified.

In July of 1984, the appellant filed a motion requesting the trial court to direct the appellee to allow her temporary custody of her children on a trial basis. That motion was apparently never acted upon. On April 11, 1986, the appellee filed a motion requesting the trial court to enter a final judgment. The appellant opposed the motion and filed a separate motion requesting the trial court for an extension of time to take further discovery of out-of-state witnesses in order to demonstrate her progress in parenting skills. At this hearing, the trial court overruled the appellant's motion to take additional discovery and allowed the appellee to present additional proof concerning the appellant's activities since May of 1983. Appellant's counsel objected on the basis that no notice was given that an evidentiary hearing would be scheduled. Thereafter, the trial

court entered findings of fact and conclusions of law terminating the parental rights of the appellant in her children. It is from such judgment that she now appeals.

The threshold issue herein is whether the appellant was denied due process of law as a result of the trial court allowing the appellee to present substantive evidence during a hearing which was noted for motions only. Reviewing the record below we find that the appellant was, in fact, denied her due process rights as a result of the trial court's actions.

It is a fundamental principle of our jurisprudence that the minimum requirements of due process require adequate notice and a meaningful opportunity to be heard. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). The importance of such due process rights is underscored in any action which seeks to sever the natural bond or relationship between a parent and a child. When such proceedings are begun, the need for fundamental fairness becomes paramount. As stated by the *Santosky* court, when a state or agency of the state attempts to sever familial bonds, it must provide the parents with "fundamentally fair procedures." At page 1395. Here, the record indicates that the appellant had no notice that the hearing held by the trial court on May 14, 1986 would be anything other than a hearing to consider the respective motions filed by the parties.

In allowing the appellee to present substantive evidence during such hearing—evidence consisting of damaging testimony by a social worker—it denied the appellant her fundamental rights of due process. In *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court stated as follows:

Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded.... (87 S.Ct. at 1446).

*Cf.* CR 40. Similarly, the court in *Burns v. Brewster*, Ky., 338 S.W.2d 908 (1960), held

that one of the fundamental essentials of any judicial proceeding is that notice of a hearing or trial must be given or received by the parties involved. By failing to adequately notify the appellant that a hearing on substantive evidence would be held, the trial court effectively prevented her counsel from adequately preparing any cross-examination or from introducing any evidence in rebuttal. To deny her and her counsel such an opportunity was to deny her proper due process rights. The court in *In re Roy Anthony A.*, 59 A.D.2d 662, 398 N.Y.S.2d 277 (N.Y.App.Div.1977), held that the due process rights of a mother were violated when she was denied an opportunity to present evidence. Such is the case herein. As a result, the trial court's judgment terminating the parental rights of the appellant in her children is hereby reversed.

It is apparent from the record that the testimony allowed by the trial court during the hearing consisted of inadmissible hearsay. Specifically, the social worker in question testified as to the contents of a report prepared by the Hamilton County (Ohio) Welfare Department. Although it may have been permissible for the social worker to comment upon the findings contained in such report, it was impermissible for the trial court to allow such social worker to testify as to what the findings were.

Lastly, this Court notes that the appellee, in its brief presented to this Court, makes several statements and allegations either not supported by the record or to which no reference is made in the record. CR 76.-12(4)(d)(iii). It is not the function of this Court to search the record to determine whether all such allegations have a basis in fact. Furthermore, the statement by the appellee that the testimony presented to the trial court during the May 14, 1986 hearing was "not in any way relied upon and thus said findings of fact are in no way tainted" is contradicted by the findings of fact entered by the trial court. It is obvious to this Court that such testimony was important and played a significant part in the trial court's decision to terminate the appellant's parental rights in her children.

The judgment of the trial court is hereby vacated and the trial court is directed to provide the appellant further opportunity to take additional proof on the question of her fitness as a parent before deciding the issue of whether her parental rights should be terminated.

COMBS, Judge, concurs.

DYCHE, Judge, concurs in result only.