■ In the Matter of WILLIAM D. DOROTHY W., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—In a child abuse and neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Schindler, J.), entered September 4, 1990, which, upon the appellant's admission, found that she had neglected the subject child, and, after a dispositional hearing, placed the subject child with the Commissioner of Social Services of the City of New York for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There is no merit to the appellant's argument that her admission of neglect was not knowingly and intelligently made. The appellant initially indicated that she did not understand that her child could be removed from her as a consequence of her admission. However, after the court gave the appellant an opportunity to consult with her attorney, the appellant assured the court that she understood the consequences of her admission. Further, the record clearly reflects that the appellant was informed by the court that she was entitled to a fact-finding hearing at which she could present and cross-examine witnesses. Although the appellant stated that she was not making the admission because she "wanted to", the appellant denied that she had been forced into making the admission or was promised anything in return for her admission. Moreover, the appellant described in her own words that she had neglected her child by excessive corporal punishment. Accordingly, we conclude that the admission was valid, and that the appellant is not entitled to a new fact-finding hearing *(see, Matter of Sandra W.,* 170 AD2d 512; *Matter of John R.,* 71 AD2d 896; *Matter of Carmen,* 37 AD2d 629).

Further, we conclude that the court's determination to place the child with the Commissioner of Social Services was supported by a preponderance of the evidence. The testimony at the dispositional hearing, as well as the evaluative reports which were admitted into evidence, unanimously recommended that the child be placed with the Commissioner of Social Services. The reports and the testimony revealed that

the child was extremely disturbed and hyperactive, and thus, required hospitalization and medication for his needs. Although the evidence revealed that both the appellant and the child's paternal grandmother loved and cared about the child, it was consistently stated that neither the appellant nor the grandmother was equipped to handle the child's special problems at that time.

We have examined the appellant's remaining contentions and find that they are without merit. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.