■ In the Matter of SARAPHINA AMEILA S., a Child Alleged to be Permanently Neglected. ROSA MARY W., Appellant; NEW ALTERNATIVES FOR CHILDREN, INC., Respondent. [858 NYS2d 89]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about January 22, 2007, which, after a hearing, determined that respondent mother had permanently neglected the subject child, terminated her parental rights, and awarded custody and guardianship to petitioner for the purpose of adoption, unanimously affirmed, without costs.

Respondent's argument that her admission of neglect was invalid lacks merit, since the record reflects she was informed by the court of the consequences of her admission, and of the fact that she did not have to make an admission and could proceed to a hearing where she could present and cross-examine witnesses. She admitted that she was not forced or threatened to make the admission, and she had ample time to discuss the matter with her attorney. Furthermore, in addition to admitting, through her counsel, her alcohol abuse, she admitted having neglected the child by failing to comply with the rehabilitation referrals made by petitioner during the year-long period when petitioner was trying to help her. Based on this record,

the admission was valid (*see Matter of Victoria B.*, 185 AD2d 811 [1992]; *Matter of William D.*, 178 AD2d 475 [1991], *appeal dismissed* 79 NY2d 1040 [1992], *cert denied sub nom. Dorothy W. v Commissioner of Social Servs. of City of N.Y.*, 506 US 1038 [1992]).

Respondent failed to object to the date of termination of the suspended judgment stated in the order of disposition, and did not move to vacate that order. She also failed to raise the argument that the violation petition was untimely. Accordingly, she failed to preserve this issue for appellate review.

The finding that termination of respondent's parental rights is in the child's best interest is supported by a preponderance of the evidence showing that the child, now eight years old, has been well cared for and has bonded with the foster family, with whom she has lived since infancy, and which includes her biological brother who has been adopted by the same foster mother. Respondent's recent commendable effort in overcoming her alcohol abuse is belated. For more than six years, she failed to complete a drug and alcohol program. The evidence shows the child would be adversely affected by removal at this point from the only home she has ever known (*Matter of Rochon Lela D.*, 37 AD3d 311 [2007], *lv denied* 8 NY3d 815 [2007]). Concur— Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.