Orders, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about April 10, 2007, which, after neglect and dispositional hearings, determined that respondent mother had permanently neglected the subject children, terminated her parental rights, and awarded custody and guardianship to petitioner for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite petitioner’s diligent efforts, respondent, during the relevant statutory period, failed to maintain contact with her children and failed to address the problems leading to their placement, thus failing to plan for their future (Social Services Law § 384-b [7] [c]). The record demonstrates that respondent continued to use drugs during the relevant period, failed to avail herself of the services and therapy referred to her by petitioner, and maintained only sporadic contact with the children (see generally Matter of Justin Lemont R., 45 AD3d 445 [2007]).
The record at the dispositional hearing supported, by a preponderance of the evidence, the conclusion that the children’s *263 best interests would be served by termination of respondent’s parental rights (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Family Ct Act § 631) so as to facilitate adoption by their maternal grandfather, with whom they have lived most of their lives and with whom they maintain a positive relationship. Despite respondent’s commendable but belated efforts to comply with therapy and drug counseling (see Matter of Saraphina Ameila S., 50 AD3d 378 [2008]), the record does not warrant a suspended judgment as being in the children’s best interests (Matter ofJazminn O’Dell E, 39 AD3d 235 [2007]). Concur — Andrias, J.E, Saxe, Gonzalez, Catterson and Acosta, JJ.