In the Matter of SHARNAZA Q. and Another, Children Alleged to be Neglected. CLARENCE W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondents. [890 NYS2d 506]—

Respondent failed to preserve his argument that he was not a person legally responsible for the subject children of his two daughters, and we decline to consider it (*see e.g. Matter of Saraphina Ameila S.*, 50 AD3d 378, 379 [2008], *lv denied* 11 NY3d 709 [2008]).

The court properly denied respondent's motions to dismiss these neglect petitions under Family Court Act § 1051 (c). One child was paroled to her mother, and the other was placed with respondent's mother (the child's great-grandmother). Respondent repeatedly stated that he wished to have contact with his grandchildren, and he did in fact have unsupervised contact with them. "The agreed-upon placement of the child with a relative did not, under the circumstances, obviate the necessity for the court to . . . impose conditions upon respondent" (*Matter of Diana Y.*, 246 AD2d 340 [1998]). Moreover, given the seriousness of respondent's involvement with controlled substances, supervision by the agency is necessary for the purpose of monitoring his conduct (*Matter of A.G.*, 253 AD2d 318, 328 [1999]). This case is distinguishable from *Matter of Kirk V.* (60 AD3d 427 [2009]), where the person alleged to be a danger to the child had not lived or visited with the family for more than four years prior to court's decision. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.