■ In the Matter of CHERISH C., a Child Alleged to be Neglected. SHANIKWA C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [959 NYS2d 51]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about December 12, 2011, which, following a fact-finding determination that respondent-appellant grandmother had neglected the subject child, released the child to the custody of respondent mother, with 12 months of supervision by petitioner agency and under certain conditions, and ordered the grandmother to complete various services and to comply with a 12-month order of protection, unanimously modified, on the law, to vacate the finding of neglect based upon the grandmother's alleged misuse of drugs, and otherwise affirmed, without costs. Appeal from the fact-finding order, same court and Judge, entered on or about June 28, 2011, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Although the evidence does not support the court's finding that the grandmother had neglected the child by misusing drugs, a preponderance of the evidence does support the finding that the grandmother had neglected the child by perpetrating an act of domestic violence against the mother in the child's presence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). Indeed, a police officer testified that he had witnessed the grandmother engage in a physical altercation with the child's mother while the mother was holding the child, causing the child to cry (*see Matter of Kelly A. [Ghyslaine G.]*, 95 AD3d 784 [1st Dept 2012]). We see no reason to disturb the court's evaluation of the evidence, including its credibility determinations (*see Matter of Ilene M.*, 19 AD3d 106, 106 [1st Dept 2005]). Contrary to the grandmother's contention, the court stated the grounds for its findings (*see* Family Ct Act § 1051 [a]).

The grandmother failed to preserve her argument that the neglect petition against her should have been dismissed pursuant to Family Court Act § 1051 (c), and we decline to consider it (*see Matter of Sharnaza Q. [Clarence W.]*, 68 AD3d 436 [1st Dept 2009]). Were we to consider it, we would reject it. Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.