■ In the Matter of JAYLINE R. and Another, Children Alleged to be Neglected. JOSE M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [973 NYS2d 21]—

Order, Family Court, Bronx County (Fernando H. Silva, J.), entered on or about October 18, 2012, which, upon a fact-finding determination that respondent neglected the subject children, inter alia, issued final orders of protection directing him to stay away from each of the children until their 18th birthdays, unanimously affirmed, without costs.

In light of respondent's apparent refusal to accept the

termination of his relationship with the children's mother, as well as his obsessive and violent behavior in violation of the order of protection directing him to stay away from her, the court correctly concluded that its assistance, including the issuance of separate orders of protection for the children, was necessary to protect the children, and therefore correctly denied respondent's motion to dismiss the neglect petition pursuant to Family Court Act § 1051 (c) (*see Matter of Sharnaza Q. [Clarence W.],* 68 AD3d 436 [1st Dept 2009]; *compare Matter of Eustace B. [Shondella M.],* 76 AD3d 428, 428 [1st Dept 2010]).

A preponderance of the evidence supports the court's finding that respondent neglected the children by perpetrating acts of domestic violence against their mother in their presence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Matter of Kelly A. [Ghyslaine G.],* 95 AD3d 784 [1st Dept 2012]). The record shows that the children, particularly Jonel, observed respondent and the mother fighting on several occasions, and saw respondent strike the mother in the head and choke her, which caused the children to be frightened and upset. Respondent's misconduct also extended to the children. The record shows that he forced Jonel to watch a pornographic movie, and threatened to shoot him in the head with a "fake" gun that looked real if he told his mother. There is also evidence of other instances of violence and inappropriate conduct toward the children. We see no reason to disturb the court's evaluation of the evidence, including its credibility determinations (*see Matter of Ilene M.,* 19 AD3d 106 [1st Dept 2005]).

The court's finding that respondent was a person legally responsible for the children within the meaning of Family Court Act § 1012 (g) is supported by the evidence establishing that respondent, who had resided in the household as the mother's boyfriend for a period of approximately nine months, picked the children up from school and cared for them during the day, while the mother worked. He described himself as a father figure to the children, and held himself out as the children's babysitter or caregiver so as to be able to stay with them during the time when the family lived in a shelter after a fire destroyed the mother's apartment (*see Matter of Yolanda D.,* 88 NY2d 790, 796 [1996]; *Matter of Samantha M.,* 56 AD3d 299 [1st Dept 2008], *lv denied* 11 NY3d 716 [2009]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.