Matter of Terazay S. (Yazaret T.) (2020 NY Slip Op 01004)





Matter of Terazay S. (Yazaret T.)


2020 NY Slip Op 01004


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11001 -04621/16

[*1] In re Terazay S., A Child Under Eighteen Years of Age, etc., Yazaret T., Respondent-Appellant, Administration For Children's Services, Petitioner-Respondent.


The Law Office of Steven P. Forbes, Jamaica (Steven P. Forbes of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about April 6, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 1, 2018, which found that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the child by inflicting excessive corporal punishment by scratching, hitting and biting the child with enough force to cause bruising and scratch marks that were visible days after the incident (see Family Ct Act § 1046[b][I]; Matter of Naomi J. [Damon R.], 84 AD3d 594 [1st Dept 2011]). The child's out-of-court statements to the ACS caseworker that the mother physically abused her were sufficiently corroborated by the caseworker's testimony as to her own observations of the child's injuries, along with photographs of the injuries (see Matter of Jazmyn R. [Luceita F.], 67 AD3d 495 [1st Dept 2009]; Matter of Fred Darryl B., 41 AD3d 276 [1st Dept 2007]).
The mother's argument that the aid of the Family Court was no longer needed pursuant to Family Ct Act § 1012(f)(i)(B) is unpreserved, and, in any event, unavailing. On this record, it was in the child's best interest to remain in foster care and under the supervision of the Family Court (see Matter of Sharnaza Q. [Clarence W.], 68 AD3d 436 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK