RENDERED: MARCH 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2024-CA-0595-ME

SALMAN IQBAL                                                 APPELLANT

v.                    APPEAL FROM JEFFERSON FAMILY COURT
HONORABLE JESSICA STONE, JUDGE
ACTION NO. 07-D-503793-002

ZAFRIN B. SYED                                          APPELLEE

### OPINION
### VACATING AND REMANDING

** ** ** ** **

BEFORE: EASTON, ECKERLE, AND TAYLOR, JUDGES.

ECKERLE, JUDGE: Appellant, Salman Iqbal ("Iqbal"), seeks review of a March 7, 2024, Order extending a domestic violence order issued by the Jefferson Family Court. After careful review, we vacate and remand.

### BACKGROUND

Iqbal and Appellee, Zafrin B. Syed ("Syed"), were married on January 27, 2000, and share one child in common, who has reached the age of majority.

On February 21, 2021, Syed filed for a domestic violence order ("DVO") on behalf of herself and the parties' then-minor child. Following an evidentiary hearing, the Family Court issued a DVO on March 4, 2021, which was to be effective for three years and expire on March 4, 2024.

While the DVO was in effect, the parties were involved in a separate civil action seeking a divorce. By entry of a Decree of Dissolution of Marriage ("Decree"), the parties were divorced on December 15, 2023, and the distribution list sets forth Iqbal's address as 12106 River Beauty Loop, Prospect, Kentucky, 40059 (the "River Beauty Loop address"). On the same day, the Family Court, in the civil action, also issued a separate order ("Final Order") memorializing the remaining matters, including the award of joint custody of the then-minor child to both parties and assigning Iqbal as the primary residential custodian, with the agreement of Syed.[1] The Final Order further required the DVO be amended to allow this arrangement. Contemporaneously, the Family Court amended the DVO on December 15, 2023, cross-referencing the civil action, to allow Iqbal contact with the parties' child. Record ("R.") at 61.

On February 27, 2024, Syed filed a Motion for Renewal of Current Order of Protection ("Motion to Extend"), noticed to be heard before the Family

---

[1] This Court takes judicial notice of this Order, entered in the parties' Jefferson Family Court action, Case No. 21-CI-501053. *See Polley v. Allen*, 132 S.W.3d 223 (Ky. App. 2004).

-2-

Court on March 7, 2024. R. at 71. Therein, the certificate of service recites that a copy of the motion was sent "to Mr. Salman Iqbal, 6324 Meeting St. #456, Louisville, KY 40059." (the "Meeting Street address"). R. at 72.

On March 7, 2024, Syed, with counsel, appeared before the Family Court and provided sworn testimony of her ongoing concerns for her safety and desire to extend the DVO. Video Record ("V.R.") 3/7/24 at 9:10:32. Iqbal was not present. The Family Court granted Syed's Motion to Extend and expanded the DVO for another three years, for a period set to expire on March 6, 2027. R. at 77-79. The order extending the DVO lists Iqbal's address as "9928 White Blossom Blvd" on its first page. R. at 77.

On April 5, 2024, Iqbal filed a Motion to Amend Prior Order of Protection ("Motion to Amend"). R. at 81. Iqbal asserts that Syed served him at the incorrect address, and this deficiency in service resulted in his absence before the Family Court on March 7, 2024. R. at 82-89. Continuing, Iqbal complained that the defective service prevented him from challenging the assertions heard before the Family Court; that Syed knew that he resided at the River Beauty Loop address as he has resided there since April 2023 with the parties' child; that Syed has visited the River Beauty Loop address on several occasions; and that he had always maintained compliance with the DVO. R. at 82-89.

-3-

On April 18, 2024, Iqbal, *pro se*, appeared before the Family Court on his Motion to Amend the March 7, 2024, Order. R. at 88. Iqbal, in unsworn statements, expressed his belief that he had sufficiently updated his address with the Family Court (V.R. 4/18/24 at 11:11:56); argued that Syed and her counsel have sent numerous documents to his current River Beauty Loop address (V.R. 4/18/24 at 11:13:15); and requested permission to argue the merits of his case (V.R. 4/18/24 at 11:18:50). The Family Court acknowledged that Iqbal did update his address in the circuit action but not in the domestic violence action, further explaining that it was the parties' responsibility to keep their addresses current with the Family Court. V.R. 4/18/24 at 11:13:35. The Family Court stated that the testimony on the record supported its prior finding it was necessary to extend the DVO, and that Syed and her counsel appropriately used the address of record in the domestic violence action to provide notice. V.R. 4/18/24 at 11:19:20. The Family Court ultimately found that notice was proper and denied Iqbal's Motion to Amend the March 7, 2024, Order extending the DVO. R. at 88. This appeal followed. R. 89-90.

STANDARD OF REVIEW

Due to Iqbal's briefing deficiencies, as explained below, we shall review his allegations of error for manifest injustice.

ANALYSIS

As an initial matter, we note that Iqbal's brief fails to comply with our Rules of Appellate Procedure ("RAP"). This Court recognizes that Iqbal is a *pro se* litigant, but that status does not exempt him from the requirement to follow our rules. Briefs filed by *pro se* appellate advocates are expected to demonstrate a good faith effort to comport with the appellate rules. *Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010). Iqbal cites no case law or other authority to support his legal arguments and fails to refer to the record or include any preservation statements as required under RAP 32(A). While Iqbal does request this Court to examine specific documents by stating the document titles, such reference is insufficient without page numbers or record descriptions to satisfy the preservation statement requirement as mandated by RAP 32(A)(4). *See Ray v. Ashland Oil, Inc.*, 389 S.W.3d 140 (Ky. App. 2012).

This Court has three options when an appellate advocate fails to comply with our rules: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 10(B)(3)[2]]; or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)." *Hallis*, 328 S.W.3d at 696. The Kentucky Supreme Court has explained that "the manifest injustice standard of review is

---

[2] This RAP was formerly Kentucky Rule of Civil Procedure ("CR") 76.12(8)(a).

reserved only for errors in appellate briefing related to the statement of preservation." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). "Manifest injustice is [an] error that so seriously affects the fairness, integrity, or public reputation of the proceeding as to be shocking or jurisprudentially intolerable." *Davidson v. Commonwealth*, 548 S.W.3d 255, 261 (Ky. 2018) (internal quotation marks, brackets, and citation omitted). The decision whether to impose penalties is within this Court's discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). In this instance, we shall review Iqbal's arguments on appeal for manifest injustice only.

Although Iqbal does not provide specific citations, his general argument is that service was insufficient because Syed had reason to know he would not receive her Motion to Extend the DVO. R. at 82-89. "Every order required by its terms to be served, . . . every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each party[.]" CR 5.01. In relevant part, CR 5.02(1) provides:

> [e]xcept as provided in paragraph (2) of this rule, service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the last known address of such person; or, if no address is known, by leaving it with the clerk of the court. **Service is complete upon mailing unless the serving party learns or has reason to know that it did not reach the person to be served**.

-6-

(Emphasis added.)

Before our Supreme Court amended CR 5.02 to include the language "the serving party learns or has reason to know that it did not reach the person to be served[,]" service was complete upon mailing a copy of the document to the party or counsel at his or her last known address. *W.R.G. v. K.C.*, 673 S.W.3d 81, 85 (Ky. App. 2023) (citations omitted). However, the added caveat expanded compliance requirements for proper service.

In *W.R.G.*, a panel of this Court illuminated the scenarios that qualify as sufficient service under the "learns or has reason to know" language of CR 5.02. *Id.* Therein, we vacated and remanded an adoption granted without the father's consent where both the Family Court and counsel for the petitioner knew that the father had not been properly served. *Id.* at 86-87. This Court held that a party not acting in good faith to provide notice cannot benefit from her insufficient effort and vacated all orders resulting from the improperly noticed motion. *Id.* at 85 (citation omitted). In reaching our conclusion, we identified two possible defects that, if present, would render service insufficient: (1) the record reflected either the adverse party or the lower court was aware that the appellant had not received notice; or (2) subsequent to an unfavorable judgment being entered, the appellant had filed a motion in the lower court to challenge the notice issue. *Id.*

-7-

In *W.R.G.*, this Court concluded that a party's failure to inform the Family Court of an address change in a timely manner does not "absolve parties or the court of compliance with the requirements of CR 5.02(1)." *Id.* at 86. This Court remanded the matter stating that a new hearing was "solely required because of the failure of counsel and the court to abide by the requirements for service[.]" *Id.* at 87. We held that "in violating the rule, [counsel and the court] also violat[ed] Father's due process rights." *Id.*

Moreover, while it is well settled that neither statute nor due process requires an evidentiary hearing prior to the extension of a DVO, the respondent must have an opportunity to be heard as to the reasons that it should not be extended. *Kessler v. Switzer*, 289 S.W.3d 228, 231 (Ky. App. 2009). *See also* Kentucky Revised Statute 403.740(4). It is a fundamental principle of our jurisprudence that the minimum requirements of due process necessitate adequate notice and a meaningful opportunity to be heard. *P.J.H. v. Cabinet for Human Resources*, 743 S.W.2d 852 (Ky. App. 1987); U.S. CONST. amend. 14; KY CONST. § 2. In the case *sub judice*, we hold that the defects in service deprived Iqbal of sufficient notice of the March 7, 2024, hearing and of his opportunity to show cause that the DVO should not have been extended; it thereby violated the principles of due process law.

Syed, at the very least, had reason to know that her motion was mailed to the incorrect address. First, Syed repeatedly identified and served Iqbal at the River Beauty Loop address in the civil action before filing her motion to extend the DVO in the domestic action, as acknowledged by the Family Court. V.R. 4/18/24 at 11:13:15. Arguably, Syed did not exercise good faith in ensuring the correct address was used to effectuate service upon Iqbal. Syed knew or had reason to know that she used the wrong address to mail notice of her Motion to Extend the DVO, and Iqbal would not have timely received it as required under CR 5.02(1).

Second, the Family Court's April 18, 2024, Order finding that notice was proper and that Syed "sent notice to last known address" is erroneous, resulting in manifest injustice. R. at 88. Iqbal challenged the sufficiency of service upon filing his Motion to Amend, and the Family Court recognized the successful service to the River Beauty Loop address in the civil action. R. at 81; V.R. 4/18/24 at 11:13:15. Although parties must take the initiative to update their addresses with all Courts, Iqbal's failure to do so does not absolve Syed's compliance with CR 5.02(1), as explained by this Court in *W.R.G.*, *supra*, especially because she knew Iqbal's correct address.

CONCLUSION

Based on the foregoing, we vacate the March 7, 2024, Order of the Jefferson Family Court and remand for a new hearing on the motion to extend the

DVO with sufficient notice to both parties. Because we are remanding this matter to provide redress for the lack of service, we need not address the merits of Iqbal's remaining arguments or speak to the sufficiency of the evidence regarding extension of the DVO.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Salman Iqbal, *pro se*
Prospect, Kentucky